**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ROSS BONIFACIO ABIDO,

                   Petitioner,

v.                                        CIVIL ACTION NO.  2:08-cv-00341

DAVID BALLARD,

                   Respondent.

**MEMORANDUM OPINION AND ORDER**

After a jury trial in the Circuit Court of Nicholas County, West Virginia, the petitioner, Ross

Bonifacio Abido, was convicted of two counts of sexual assault in the first degree and one count of

sexual abuse in the first degree, a lesser included offense of sexual assault in the first degree, in

violation of West Virginia Code § 61-8B-7.  The petitioner was sentenced on October 29, 2004, to

two concurrent terms of fifteen to thirty-five years for his two convictions for sexual assault in the

first degree and a consecutive term of one to five years for his conviction for sexual abuse in the first

degree.[1]  The disturbing facts reveal that the petitioner was convicted of engaging in sexual activity

with an eleven-year-old minor child who was mentally challenged.

The petitioner filed a petition for appeal of his convictions with the Supreme Court of

Appeals of West Virginia, which was denied.  On December 22, 2005, he filed a state habeas corpus

---

[1]  The trial court entered a verdict in the petitioner's favor on Counts Three and Five of the
indictment against him.  (Mot. Summ. J., Ex. 1-2 [Docket 6]).  Count Three charged the defendant
with sexual assault in the first degree and Count Five charged him with attempted sexual assault in
the first degree.

petition in the Circuit Court of Nicholas County.  The Circuit Court addressed the merits of his claims, and denied the petition on June 28, 2007. The petitioner filed a petition for appeal from that denial, which was refused by the Supreme Court of Appeals on February 28, 2008.

On May 23, 2008, the petitioner filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Docket 1].  The petitioner raised the following grounds for relief.  First, he argues that he was denied effective assistance of counsel because defense counsel failed to adequately investigate the case against his client and failed to contact, interview, or subpoena defense witnesses that the petitioner believed could contribute to his defense.  Second, he claims that the Circuit Court of Nicholas County erred by refusing to permit pretrial discovery of the victim's Department of Health and Human Resources ("DHHR")  file.

Pending before the court is the respondent's Motion for Summary Judgment [Docket 6] and the petitioner's Motion for Continuance to Exhaust State Claims [Docket 18].  The summary judgment motion was referred to Magistrate Judge Stanley for submission to this court of proposed findings and recommendation (PF&R) for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge has recommended that the court grant the respondent's Motion for Summary Judgment [Docket 15].  Thereafter, the petitioner filed the Motion for Continuance to Exhaust State Claims, to which the respondent has not replied.

## I. Petitioner's Motion for Continuance to Exhaust State Claims

I will first address the petitioner's Motion for Continuance to Exhaust State Claims.  In his reply brief to the Motion for Summary Judgment, the petitioner for the first time in any habeas proceeding raises a double jeopardy claim and a claim that the state wilfully suppressed material information concerning the criminal history of a potential witness, the victim's aunt (Ms. Barbara

-2-

Harris).  In her PF&R, Magistrate Judge Stanley found that the petitioner had not exhausted his state court remedies for either of those claims as required by § 2254(b), and recommended that I consequently find that he is barred from pursuing habeas relief as to those claims.  The petitioner requests that, if I find that these issues are independent grounds for relief that have not been considered by the state courts, I grant a continuance, stay this matter, and hold it in abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005), while he pursues the unexhausted claims in state court.

The *Rhines* Court approved the use of a discretionary stay and abeyance procedure under limited circumstances in mixed federal habeas corpus petitions—petitions containing both exhausted and unexhausted claims which would otherwise be dismissed under the total exhaustion requirement. 544 U.S. at 274-78.  This procedure was developed to soften the adverse impact of the new one-year statute of limitations imposed on the filing of federal habeas petitions by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Id.* at 274-77.  Stay and abeyance should only be used in limited circumstances, however, when a court determines that there was good cause for the petitioner's failure to exhaust his potentially-meritorious claims.  *Id.* at 277.

As Magistrate Judge Stanley noted, the petitioner raises his double jeopardy claim and his claim about the alleged suppression of Ms. Harris's criminal history for the first time in his reply to the respondent's Motion for Summary Judgment [Docket 11].  Because those unexhausted claims were not included in the original habeas petition, they are not properly before the court.  *See Miller v. Pacholke*, No. C08-5138BHS, 2008 WL 3895594, at *1 (W.D. Wash. Aug. 22, 2008) (not addressing unexhausted habeas claims raised for the first time in a reply brief); *Wiggins v. McDonough*, No. 3:06cv489, 2007 WL 4570570 (N.D. Fla. Dec. 21, 2007) (same) (citing *Herring v. Sec'y Dep't of Corr.*, 397, F.3d 1338, 1342 (11th Cir. 2005)); *see also United States v. Brooks*,

524 F.3d 549, 556 n.11 (4th Cir. 2008) (Fourth Circuit does not consider arguments raised for the first time in a reply brief). Consequently, I **FIND** that stay and abeyance under *Rhines* is not an appropriate procedure in this case because the petition at issue is not a mixed petition—the total exhaustion doctrine is not triggered by claims that are procedurally barred because they are raised for the first time in a reply brief.[2] Accordingly, I **DENY** the petitioner's Motion for Continuance to Exhaust State Claims [Docket 18].

**II. Respondent's Motion for Summary Judgment**

Turning to the respondent's Motion for Summary Judgment, I will conduct a *de novo* review of the PF&R, to which the petitioner has objected in its entirety [Docket 20, 23]. *See* 28 U.S.C. § 636 (b)(1)(C).

**A. The Magistrate Judge's Findings and Recommendations**

The Magistrate Judge made the following findings and recommendations. First, the Magistrate Judge recommended that I grant the respondent's Motion for Summary Judgment as to the petitioner's ineffective assistance of counsel claims. The Magistrate Judge considered at length whether defense counsel had been ineffective by not contacting, interviewing, or subpoenaing each potential witness, and concluded that defense counsel's actions (or failures to act) were reasonable as to those witnesses. (PF&R 13-34.) Moreover, the Magistrate Judge concluded that even if counsel's failure to do so was objectively unreasonable, the petitioner cannot show the requisite prejudice from that failure that would warrant habeas relief. She also proposed that I find that the

---

[2] Moreover, even if the stay and abeyance procedure were a viable option in this case, I **FIND** that it would not be warranted because the petitioner has not shown good cause for his failure to previously exhaust those claims and has not demonstrated that those claims are potentially meritorious. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

state courts' decisions to deny habeas relief on the ineffective assistance of counsel claim were not contrary to or an unreasonable application of clearly-established federal law, and that the respondent is entitled to judgment as a matter of law on this issue.

Secondly, in reviewing the petitioner's claim that the Circuit Court of Nicholas County erred by refusing to permit pretrial discovery of the victim's DHHR file, the Magistrate Judge found that, to the extent that the petitioner is claiming that his due process rights were violated, he has not sufficiently demonstrated that the ruling had a substantial and injurious effect on the jury's verdict. She also concluded that, to the extent he is arguing only evidentiary trial error, I should find that any error did not render the trial fundamentally unfair. She recommended that I find that the state courts' denials of habeas relief on this claim were not contrary to or an unreasonable application of clearly-established federal law, and that the respondent is entitled to judgment as a matter of law on this issue.

Finally, the Magistrate Judge briefly addressed the petitioner's double jeopardy argument and claim for relief based on the alleged suppression of Ms. Harris's criminal history, both of which were raised for the first time in his reply brief and which he has reiterated in his objections. Because those claims were unexhausted, she recommended that I find that the petitioner is barred from pursuing federal habeas relief on those claims.

### B. *De Novo* Review of the PF&R

After reviewing the petitioner's objections and supplemental objections to the PF&R, it appears that the petitioner has raised no new issues that were not previously considered by the Magistrate Judge. Instead, he simply reiterates the arguments raised in his petition. Upon an

independent *de novo* review of those objections and Judge Stanley's report, I **FIND** that the PF&R accurately reflects the law applicable to this matter.

### 1. Ineffective Assistance of Counsel

First, the petitioner claims that defense counsel was ineffective because he did not contact, interview, or subpoena the following potential witnesses:  M.H., the victim;[3] the victim's aunt and uncle with whom she had been living, Barbara and Wayne Harris; the petitioner's ex-wife , Melanie (Cindy) Deal; the victim's cousin, Edward (E.T.) Barr; the victim's mother, Matilda Barr; and the DHHS investigator Shelly Little.  Like the Magistrate Judge, I will review the arguments as to these witnesses one at a time.

### a. M.H.

The petitioner argues that defense counsel was ineffective because he did not interview the minor victim, M.H.  The petitioner seems to believe that such an interview could have led to the formulation of a viable defense, and, although he cannot articulate such a defense, he believes that any defense would derive from the following alleged facts:  that M.H. was mentally slow, that she was entrusted by her mother to the custody of a convicted felon (allegedly, Ms. Harris), and that she was removed from the Harris's home.  (Obj. 11 [Docket 20].)  The petitioner also contends that defense counsel should have questioned M.H. about a telephone conversation that she allegedly had with him following her initial accusation, in which he claims she asked him to lie and to say that he abused her to protect her from being removed from her parents' custody.  (Reply 14-16 [Docket 11].)

---

[3]  I will refer to the victim in this matter, a minor, only by her initials to protect her privacy.

As the Magistrate Judge found, the petitioner's argument is speculative at best because he assumes that M.H. would have consented to be interviewed and that any specific evidence uncovered by an interview would have altered the jury's verdict. Moreover, the state habeas court found that defense counsel reviewed the videotaped statement made by M.H. The state court also found that defense counsel concluded that M.H. was competent to testify, that her testimony was damaging to the petitioner, and that defense counsel cross-examined her as to whether she had a telephone conversation with the petitioner after she accused him, but before he was arrested. Because defense counsel reviewed the victim's videotaped statement, she testified at trial, and was cross-examined, I **FIND** that the petitioner has not shown that defense counsel's failure to interview M.H. was ineffective. *See Strickland v. Washington*, 466 U.S. 668, 687-91, 694 (1984). I also **FIND** that the state courts' denials of habeas relief on this claim were not contrary to or an unreasonable application of clearly-established federal law, and that the respondent is entitled to judgment as a matter of law on this issue. *See* 28 U.S.C. § 2254(d).

### b. Barbara Harris

The petitioner also asserts that an investigation and interview of Barbara Harris, M.H.'s aunt with whom the M.H. had been residing, would have revealed that Ms. Harris previously had been convicted of a crime involving sexual abuse of another young girl, that she had repeatedly suggested that the petitioner engage in sexual activity with both herself and the victim, and that she was "sexually amoral, voyeuristic and a sexual predator." (Pet. 3 [Docket 1]). The petitioner argues that defense counsel's information about Ms. Harris came only from the petitioner himself, and not from an independent investigation. (Obj. 6.) Because the petitioner had confessed to the sexual conduct with the victim, any questioning of Ms. Harris about her behavior would not have contradicted his

-7-

admission.[4]  Accordingly, I **FIND** that even if it was objectively unreasonable for defense counsel to not interview or investigate Ms. Harris, the petitioner cannot show sufficient prejudice from that failure to warrant relief.  *See Strickland*, 466 U.S. at 694.  I also **FIND** that the state courts' denials of habeas relief on this claim were not contrary to or an unreasonable application of clearly-established federal law, and that the respondent is entitled to judgment as a matter of law on this issue.  *See* 28 U.S.C. § 2254(d).

### c. Wayne Harris

The petitioner believes that Wayne Harris, the victim's uncle, who was asleep in the next room when the alleged sexual assaults occurred, should have been interviewed or called to testify at trial.  (Pet. 3.)  The petitioner argues that Mr. Harris would have been aware of Ms. Harris's criminal history and may have been the individual who reported seeing the petitioner inappropriately touch the victim in a sexual manner. (Obj. 9.)  The petitioner has not, however, offered anything to support a contention that Mr. Harris's testimony would have altered the jury's verdict.  Accordingly, I **FIND** that even if it was objectively unreasonable for defense counsel to not interview or call Mr. Harris to testify, the petitioner cannot show sufficient prejudice from that failure to warrant relief.  *See Strickland*, 466 U.S. at 694.  I also **FIND** that the state courts' denials of habeas relief on this claim were not contrary to or an unreasonable application of clearly-established federal law, and that the respondent is entitled to judgment as a matter of law on this issue.  *See* 28 U.S.C. § 2254(d).

---

[4]  Although the petitioner later argued that his confession was false, that issue goes to credibility.

### d. Melanie (Cindy) Deal and Edward (E.T.) Barr

The petitioner further asserts that defense counsel provided ineffective assistance because he failed to interview, or to call as witnesses, Melanie (Cindy) Deal, the petitioner's ex-wife, or Edward (E.T.) Barr, the victim's cousin.  (Pet. 4.)  He argues that both individuals would have testified that they witnessed the victim carve the petitioner's initials onto her ankle and that this evidence would have demonstrated the victim's obsession with him.  (*Id.*)  He believes that this would have corroborated his trial testimony and that the failure to present this evidence prevented his acquittal.

The state habeas court held that defense counsel's decision not to pursue testimony about the victim's self-mutilation, because he felt it would be detrimental to the defense, was a strategic decision and constituted a reasonable trial strategy.  Defense counsel concluded that such evidence showed an unhealthy relationship, and that any argument the petitioner wished to make that "she came on to me" was not a defense to molestation.  Moreover, the state court found no prejudice in any failure in this regard because it held that petitioner's trial testimony that he was in love with the mentally-challenged eleven year old victim was too damaging to overcome.

Because the petitioner has not demonstrated that Ms. Deal or Mr. Barr's testimony would have changed the jury's verdict, I **FIND** that the petitioner cannot show sufficient prejudice to warrant relief from defense counsel's failure to interview or call these individuals as witnesses.  *See Strickland*, 466 U.S. at 694.  I also **FIND** that the state courts' denials of habeas relief on this claim were not contrary to or an unreasonable application of clearly-established federal law, and that the respondent is entitled to judgment as a matter of law on this issue.  *See* 28 U.S.C. § 2254(d).

### e. Matilda Barr

The petitioner further asserts that defense counsel was ineffective because he did not interview, or call as a witness, the victim's mother, Matilda Barr.  In his petition, the petitioner did not offer any potential testimony from Ms. Barr that would have altered the jury's verdict.  However, in his supplemental objections to the PF&R, the petitioner maintains that Ms. Barr could have testified as to why she would have entrusted her daughter to Ms. Harris in light of Ms. Harris's alleged criminal history.  (Obj. 2.)  He also claims that she could have offered evidence of whether the victim had ever reported sexual abuse to her mother, whether Ms. Barr had forced the victim to fabricate the charges against him, or whether she had coached the victim as to her testimony.  (*Id.*) The petitioner additionally contends that Ms. Barr listened in on a telephone conversation between the victim and the petitioner and could have testified to that conversation.  (*Id.* at 3.)  Because the petitioner would have had to overcome his own confession that he had engaged in sexual conduct with the victim, and his testimony that he had feelings for the minor victim, I **FIND** that even if it was objectively unreasonable for defense counsel to not interview or call Ms. Barr to testify, the petitioner has demonstrated no prejudice that would warrant relief.  *See Strickland*, 466 U.S. at 694. I also **FIND** that the state courts' denials of habeas relief on this claim were not contrary to or an unreasonable application of clearly-established federal law, and that the respondent is entitled to judgment as a matter of law on this issue.  *See* 28 U.S.C. § 2254(d).

### f. Shelly Little

Petitioner finally claims that defense counsel was ineffective because he failed to interview or call to testify Shelly Little, a Child Protective Services Investigator for DHHR.  Ms. Little

-10-

completed the intake sheet for the October 3, 2003, complaint about the sexual assault.[5]  The petitioner argues that Ms. Little should have been interviewed or called to testify because the intake form does not identify who saw the petitioner engage in inappropriate sexual contact with the victim. (Reply 11-12).  The petitioner also claims that defense counsel should have asked Ms. Little whether she had spoken with the victim.  (*Id.*)  The petitioner further notes that the victim's initial use of colloquial terms to refer to sexual activity and sexual organs was later replaced by more formal terms in her testimony, and argues that this change indicates that she was coached by caseworkers or investigators.  (*Id.* at 13.)  Even if it was objectively unreasonable for defense counsel to not interview or call Ms. Little to testify, the petitioner has demonstrated no prejudice that would warrant relief, particularly given his own confession and trial testimony.  *See Strickland*, 466 U.S. at 694.  I also **FIND** that the state courts' denials of habeas relief on this claim were not contrary to or an unreasonable application of clearly-established federal law, and that the respondent is entitled to judgment as a matter of law on this issue.  *See* 28 U.S.C. § 2254(d).

### 2. Denial of Defense Motion for Discovery of Victim's DHHR Records

Secondly, the petitioner claims that the Circuit Court of Nicholas County erred by refusing to permit pretrial discovery of the victim's Department of Health and Human Resources ("DHHR") file.  (Pet. 4.)  He argues that defense counsel was denied the opportunity to examine the victim's psychological background, mental health history, and exculpatory medical examinations.  (Suppl. Obj. 9.)  He further contends that because the family was receiving services prior to the abuse charges, the file may reveal prior instances of physical or sexual abuse or an otherwise dysfunctional

---

[5]  The petitioner raised this argument for the first time in his reply brief.  The Magistrate Judge granted him leave to amend his petition to include this claim, which previously had been raised in the state habeas proceedings.

-11-

family.  (*Id.*)  As far as the petitioner's claim appears to be an allegation of trial court error, he does not demonstrate that any error made the trial fundamentally unfair.  *See Barbe v. McBride*, 521 F.3d 443, 452-53 (4th Cir. 2008).  To the extent that the petitioner is raising a due process claim, which he appears to be from his objections, I **FIND** that he has not sufficiently demonstrated that the trial court's evidentiary ruling prohibiting production of the entire file had a "substantial and injurious effect or influence in determining the jury's verdict."  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).  I therefore **FIND** that the state courts' denials of habeas relief on this claim were not contrary to or an unreasonable application of clearly-established federal law, and that the respondent is entitled to judgment as a matter of law on this issue.  *See* 28 U.S.C. § 2254(d).

### 3. Other Claims Procedurally Barred

Finally, I will not consider the petitioner's objections which reiterate his double jeopardy argument and claim for relief based on the alleged suppression of Ms. Harris's criminal history, because, as I have stated above, those unexhausted claims were improperly raised for the first time in his reply brief.  Accordingly, I adopt the Magistrate Judge's recommendation and **FIND** that the petitioner is barred from pursuing habeas relief based on those claims.

## III. Conclusion

In sum, I **ADOPT** the findings and recommendations contained in the PF&R [Docket 15]. The respondent's Motion for Summary Judgment [Docket 6] is **GRANTED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

-12-

ENTER:          March 18, 2009

Joseph R. Goodwin, Chief Judge